| JOSE RODRIGUEZ-ZALDIVAR AND DYLCIO RODRIGUEZ CRUZ | * | NO. 2021-CA-0478 |
|---|---|---|
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| CHARLES LEGGETT AND PROGRESSIVE CASUALTY INSURANCE COMPANY | * | |
| | * | |
| | * | |

* * * * * * *

**DYSART, J., CONCURS IN PART AND DISSENTS IN PART**

I concur with the majority opinion in so far as it reverses the district court's admission of the plaintiffs' depositions in lieu of their live testimony and vacates the district court's judgment. However, I dissent from the majority's decision to remand this matter to the district court for a new trial.

Generally, when the trial court makes evidentiary errors that are prejudicial, such as they materially affect the outcome of the trial and deprive a party of substantial rights, and if the record is otherwise complete, the appellate court will conduct its own *de novo* review of the record. *Melerine v. Tom's Marine & Salvage, LLC*, 20-00571 (La. 3/24/21), 315 SO.3d 806; *see also* La. C.E. art. 103(A). However, our Supreme Court has recognized that in limited circumstances, when necessary to reach a just decision and to prevent a miscarriage of justice, an appellate court should remand the case to the trial court under the authority of Louisiana Code of Civil Procedure Article 2164, rather than undertaking *de novo* review. *Id.* (citing *Wegener v. Lafayette Ins. Co.*, 10-0810 (La. 3/15/11), 60 So.3d 1220, 1233). Whether a particular case should be remanded is largely within the court's discretion and depends upon the circumstances of the case. *Id.* (citing *Wegener*, 60 So.3d at 1234); *see also Pollard*

*v. 21st Century Centennial Ins. Co.*, 21-65, p. 11 (La. App. 5 Cir. 12/23/21), 334 So.3d 1013.

Based upon my review, I do not see the need to remand this matter to the trial court. Based upon the majority's holding, the entire record is before this Court minus the depositions of the plaintiffs. Accordingly, without their testimony and considering only the testimony of the defendant, Mr. Leggett, the matter should be dismissed and a ruling rendered in favor of defendant.

It is only in limited circumstances where cases in this posture should be remanded to the trial court. Here the majority rely on the *Cawthorne* decision in reasoning that the matter should be remanded, however, I believe this case is clearly distinguishable. In *Cawthorne*, the defendant was absent at trial, as he was in a voluntary rehabilitation program in another state. The court felt that the weight of the evidence was so nearly equal that a firsthand look at the witnesses was essential to a fair resolution of the issues.

Here the plaintiffs, the pursuers of the claim for damages were absent. Not only were they absent for the trial but for a pre-trial IME for which they failed to submit. They also did not appear at the trial nor did they offer any proof or evidence of the reason for their non-appearance.

The full record of this matter reflects that the case initially came before this court on appeal after the trial court granted a dismissal to the defendants due to the plaintiff's failure to appear at a court ordered IME. On appeal, this Court felt the dismissal was draconian and remanded the case back to the trial court. In the opinion this court admonished the plaintiffs stating: "Although the parties repeatedly state in their pleadings and briefs that Cruz did not appear for the IME because he was deported to Honduras, and could not return to the United States, there is no evidence in the record to support this contention. Arguments of counsel in briefs or memoranda are not evidence." *Rodriquez-Zaldivar v. Leggett*, 2018-

0410 (La. App. 4 Cir. 1/23/19). After the remand, Cruz failed once again to appear for another IME. However, though counsel for defendants again moved for dismissal, the trial court imposed no sanctions. As a result no IME was afforded the defendant in advance of the trial.

Although plaintiff's counsel knew the plaintiffs had been deported, a motion to conduct their video/Zoom depositions was not heard until the day prior to trial held on October 21, 2020. No evidence was presented on the issue of the plaintiffs' absence, only the representation of counsel that they had been deported. From the date of this Court's remand on January 19, 2019 until the trial date, on October 21, 2020, the plaintiffs failed to provide one iota of evidence that they were deported or otherwise unavailable.

Ten days before oral argument was held in this Court the plaintiff moved to supplement the record with the testimony of plaintiff Cruz, representing that he had returned to the United States. The request was appropriately denied as the record was complete from the trial court and before this court.

To allow a remand would give the plaintiffs a third bite at the apple, which I believe would create a dangerous precedent and a patently unfair result. Accordingly, I would rule based upon the record before this court and dismiss the plaintiffs claim.